JOHN J. BARTON, Respondent, *v.* WILLIAM GOVAN, Appellant.

*Court of Appeals, October* 29, 1889.

Affirming 42 Hun, 655, Mem.

1. *Evidence. Hypothetical questions.*—Hypothetical questions must be based upon facts fairly within the scope of the evidence.
2. *Same. Striking out.*—An improper ruling striking out the whole of an answer is cured by subsequent testimony which supplies all that was responsive to the question.
3. *Same. Favorable answer.*—An exception to the allowance of an objectionable question, where the answer to it presents evidence, either favorable or harmless to the objecting party, is unavailable.
4. *Same.*—Expert testimony as to the credibility of witness or testimony is objectionable.

Appeal from a judgment of the general term of the supreme court, affirming a judgment entered upon a verdict.

*Calvin Frost*, for appellant.

*David A. Haynes*, for respondent.

HAIGHT, J.—This action was brought to recover damages which it is alleged the plaintiff sustained by reason of the negligent and unskillful conduct of the defendant, a physician and surgeon, in setting and treating a fracture of plaintiff's leg. The fracture was an oblique one in the upper third of the thigh bone. The broken parts were allowed to slip over one upon the other so as to overlap, making a deformity, and shortening the leg about two inches.

There was evidence given tending to show that the broken parts were not properly placed together and there retained, and that there was not proper extension applied so as to overcome the muscular contraction of the limb. Upon this

27

subject there was a conflict in the testimony which was properly submitted to the jury, and the verdict must be deemed final so far as this court is concerned.

The questions which we are called upon to review arise on the exceptions to the admission and rejection of evidence.

It is contended that the hypothetical question put to Dr. Bailey, one of the plaintiff's witnesses, should have been excluded for the reason that it assumed a state of facts which were not proven. We do not understand that there is any obscurity or conflict in reference to the rule that hypothetical questions must be based upon facts fairly within the scope of the evidence. We have not, however, had our attention called to any statement of fact in the question that is not within the evidence, and in our examination of the testimony we are not able to point to any such statement, and we consequently cannot say but that there was some evidence to sustain each fact assumed in the question.

Upon the trial, Dr. Carnochan was sworn as a witness on behalf of the defendant, and testified that he had heard the defendant describe his treatment of the plaintiff's limb. He was then asked his opinion as a surgical expert as to whether it was good or bad surgery, and answered that, under the circumstances, he thought it was very good surgery. He then proceeded to state that he could well understand that a gentleman practicing in the country should not have the appliances of a first-class city hospital; that he has neither the appliances nor the aids, and must adopt the next best alternative. Whereupon he was stopped by the plaintiff's counsel, who moved to strike out the answer as not responsive to the question, but was in the nature of an argument or an excuse for the defendant. The motion to strike out was granted, and an exception was taken by the defendant.

If it was the intention of the court to strike out the whole answer, there is cause for complaint, for the first clause of the answer was responsive to the question. But it does not appear to us that the court intended, or was understood, to

strike out that portion of the answer. The doctor, after having answered the question, proceeded to state his understanding why a practicing physician in the country could not have first-class appliances for the treatment of fractures. It was to this portion of the answer that the motion to strike out evidently related, for it was in the nature of an argument, or an excuse for the defendant, as stated in the motion to strike out. But even if we should construe the ruling of the court as striking out the whole of the answer, we should still be of the opinion that the ruling was cured by the subsequent testimony, which, in much detail, again supplied all that was responsive to the question.

The next exception to which our attention has been called relates to a question put to Dr. Mursick, and is as follows : " Suppose that the surgeon testified, or that a surgeon testified, that he had measured the leg before this fracture, and that another surgeon testified that he had measured the leg after this fracture, and the measurements showed that there was no shortening on account of the second fracture, would you regard that as at all incredible ? " The first answer was that he should say it was " rather incredible."

He was then asked : " Q. That is, you think that it is impossible for a transverse fracture to be cured without a shortening ? " To which the witness answered : " No ; I do not say that. A transverse fracture may be cured without shortening." The first question only was objected to. If it is understood that the witness was called upon to give his opinion as an expert as to the credibility of the plaintiff's witnesses, the question would be objectionable, and yet the defendant would be unable to avail himself of the exception for the reason the answer was in the favor of the defendant and did him no harm. But we do not think it was the object or intention of the plaintiff to call upon the witness to give his opinion as to the credibility of his testimony. The intention is made apparent by the question which

followed.　He was seeking to show that a transverse fracture could be cured without shortening the limb, by the opinion of this witness. ·

It does not appear to us that there was such an error as necessitates a new trial.

The judgment should, therefore, be affirmed, with cost.

All concur, except FOLLETT, Ch. J., who concurs in result, and BROWN, J., not sitting.